UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHERRY DENISE SHERIDAN, §<br>  *Plaintiff*, §<br> §<br> §<br>v. §<br> §<br> §<br>KROGER TEXAS L.P. D/B/A §<br>KROGER, §<br>  *Defendant*. § | Case No. **4:25-cv-01113-P** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

**TO THE HONORABLE COURT**:

Plaintiff Sherry Denise Sheridan, ("Plaintiff"), by and through her undersigned counsel of record, brings this negligence suit against Kroger Texas L.P. d/b/a Kroger ("Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff, Sherry Denise Sheridan, is an individual Texas citizen who resides in Tarrant County, Texas.

2. Defendant, Kroger Texas L.P., is a limited partnership, licensed to conduct business in Texas, and which has been properly served with process in the original state court prior to removal through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company.

### II. JURISDICTION

3. This Court has jurisdiction over Plaintiff's lawsuit pursuant 28 U.S.C. §§ 1332(a) and 1441 (a) and (b), because the amount in controversy exceeds $75, 000, exclusive of interest and cost, and the parties are citizens of different states.

### III. VENUE

4. Venue is proper in this the United States District Court, Northern Division of Texas, Tarrant Division because a substantial part of the events or omissions giving rise to the claim occurred in city of Bedford, Tarrant County, Texas. *See* 28 U.S.C. § 1391(b)(2).

### IV. RELEVANT FACTUAL BACKGROUND

5. Plaintiff incorporates by reference the allegations in paragraphs 1-4.

6. This case arises from an incident that occurred on or about November 16, 2024, where Plaintiff was lawfully on Defendant's premises as a customer and invitee at the Kroger store located at 2109 Harwood Road, Bedford, Texas 76021.

7. While Plaintiff was walking down the main aisle and turning into another aisle, Plaintiff suddenly and unexpectedly slipped and fell onto her right side due to a large puddle of substance similar to water on the floor.

8. The puddle had been left on the floor without any warnings, caution signage, cones, mats, or other indicators alerting patrons to the hazardous condition.

9. On or about the date and time listed in Paragraph (6) and (7), the hazardous area was not quarantined or otherwise marked to prevent access.

10. As a direct and proximate result of the fall, Plaintiff sustained injuries that continue to affect her to this day, including mental anguish and a decreased quality of life.

### V. CAUSE OF ACTION
#### COUNT ONE
*CLAIM AGAINST DEFENDANT FOR PREMISES LIABILITY*

11. Plaintiff incorporates by reference the allegations in paragraphs 1-10.

12. At all relevant times, Defendant Kroger owned, leased, operated, and/or controlled the premises listed herein paragraph (6) and owed a duty to Plaintiff to maintain the premises in a reasonably safe condition.

13. Plaintiff was on Defendant's premises as an invitee by virtue of Defendant's implied invitation and for their mutual benefit.

14. The presence of a large puddle defined herein in paragraph (7), created an unreasonably dangerous condition that posed an extreme risk of harm to patrons like Plaintiff.

15. The dangerous condition was neither open nor obvious to Plaintiff.

16. Defendant Kroger knew or reasonably should have known of the hazardous condition but failed to warn or protect its customers, including Plaintiff.

17. Defendant Kroger breached its duty of care by:

   a) Failing to conduct reasonable inspections to identify and address hazardous conditions;
   b) Failing to remedy, correct, or otherwise make safe dangerous conditions that posed an unreasonable risk of harm; and
   c) Failing to provide adequate warning to Plaintiff about the dangerous conditions.

18. Defendant Kroger's agents, servants, and employees, acting within the course and scope of their employment, contributed to this breach by failing to maintain a reasonably safe environment.

19. Defendant Kroger had actual or constructive knowledge of the dangerous condition and failed to take reasonable steps to inspect, warn, or remedy the hazardous condition.

20. Plaintiff's injuries and resulting damages were proximately caused by Defendant Kroger's negligent, careless, and reckless breach and disregard of its duties to maintain the premises in a reasonable safe condition.

## VI. LIABILITY FOR PREMISES LIABILITY
### COUNT TWO
### *LIABILITIES OF DEFENDANT KROGER UNDER RESPONDEAT SUPERIOR*

21. Plaintiff incorporates by reference for all the allegations in paragraph 1-20.

22. At all times relevant, Defendant Kroger was acting through their servants, employees, and/or agents, under the doctrines of *respondeat superior, vicarious liability*, and/or agency.

23. Defendant Kroger is liable for the negligent acts and omissions of their servants, employees, and/or agents, under the doctrines of *respondeat superior, vicarious liability*, and/or agency.

24. The negligence of Defendant Kroger, their servants, employees, and/or agents was the proximate cause of Plaintiff's injuries and damages.

## VII. CAUSE OF ACTION
### COUNT THREE
### *CLAIM OF NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION*

25. Plaintiff incorporates by reference all the allegations in paragraph 1-24.

26. Defendant Kroger had a legal duty to hire, supervise, train, and retain competent agents, employees and/or servants who exercise the degree of care that a reasonably careful person would use to maintain the premises listed at paragraph (6) in a safe condition to avoid harm to others under circumstances similar to those described herein.

27. Defendant Kroger had a duty to enforce safety standards.

28. Defendant Kroger failed to enforce safety standards.

29. Defendant Kroger knew or reasonably should have known that its servants, employees, and/or agents were not competent.

30. Defendant Kroger's breach of duties described in paragraph (26), was the

proximate cause of Plaintiff's injuries and damages.

## VIII. CAUSE OF ACTION
### COUNT FOUR
### *GROSS NEGLIGENCE*

31. Plaintiff incorporates by reference all the allegations in paragraph 1-30.

32. Defendant Kroger was grossly negligent as it exhibited a conscious disregard for the safety of their customers and business invitees, including Plaintiff, by engaging in the conducts that were not merely negligent, but reckless.

33. Plaintiff seeks damages including exemplary damages.

## IX. DAMAGES

34. Plaintiff incorporates by reference all the allegations in paragraph 1-33.

35. As a direct and proximate result of Defendant's negligence, through its agent/employee, Plaintiff suffered the following injuries and damages:

   a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;
   b) Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred by Plaintiff in the future;
   c) Physical pain and suffering in the past;
   d) Physical pain and suffering in the future;
   e) Mental anguish in the past;
   f) Mental anguish in the future;
   g) Physical impairment in the past;
   h) Physical impairment in the future; and
   i) Past and future lost wages.

## X. CONDITIONS PRECEDENT

36. Plaintiff incorporates by reference all the allegations in paragraphs 1-35.

37. Plaintiff pleads that all conditions precedent to Plaintiff's recovery have occurred or have been otherwise satisfied or waived.

## XI. Jury Demand

38. Plaintiff incorporates by reference all the allegations in paragraphs 1-37.

39. Plaintiff respectfully requests a jury trial.

## XII. Prayer

For the foregoing reasons, Plaintiff respectfully requests Defendant be cited to appear and answer, and that upon a final hearing on the merits of the case, the Court enter judgment for Plaintiff against Defendant in an amount to be determined at trial for the following injuries and damages:

a.  actual damages, including Plaintiff' past and future medical costs, past and future pain and suffering; mental anguish; lost wages; and property damages;
b.  prejudgment interest;
c.  post-judgment interest;
d.  attorneys' fees;
e.  court costs and expenses; and
f.  all such relief and damages to which Plaintiff is entitled.

Respectfully submitted,

By: /s/ Mehdi Vaghefi
**Mehdi Vaghefi**
Texas Bar No. 24128887
mvaghefi@mas.law
**Modjarrad | Abusaad | Said, Law Firm**
212 West Spring Valley Road
Richardson, Texas 75081
(972) 789-1664
(972) 789-1665 – Facsimile
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on October 15, 2025, a true and correct copy of *Plaintiff's Amended Complaint and Jury Demand* served upon counsel of record as designated below:

**VIA E-SERVICE:**
kbriscoe@peavlerbriscoe.com
**B. KYLE BRISCOE**
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550
*Attorney for Defendant*

      /s/ Mehdi Vaghefi
**MEHDI VAGHEFI**